IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TRAVIS LEROY BALL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO.  5:23-cv-234-MTT-CHW |
| VS. | : | |
| | : | |
| **Judge B. MILLER, JR.;** | : | |
| **Sheriff DAN KILGORE;** | : | |
| **Lt. HEATH EPPINGER,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER**

Plaintiff Travis Leroy Ball, a prisoner in Dooly State Prison in Unadilla, Georgia, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  He also moved to proceed *in forma pauperis*, ECF Nos. 2; 5; 10, and filed a letter that was docketed as a "motion for monetary compensation."  ECF No. 7.  For reasons discussed below, Plaintiff's motions to proceed *in forma pauperis* are **GRANTED**, the "motion for monetary compensation" is **DENIED**, and Plaintiff's action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF Nos. 2; 5; 10.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Dooly State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each

month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

  II.  <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## "MOTION FOR MONETARY COMPENSATION"

Plaintiff sent the Court a letter that was docketed as a "motion for monetary compensation." ECF No. 7. Plaintiff states that he has "filed a motion of acquittal" in his federal criminal case, *United States v. Travis LeRoy Ball*, 5:21-cr-65-MTT-CHW (M.D. Ga. June 27, 2023) and he, therefore, should be "acquit[ted]" of the charges in that case.[1]

---

[1] Plaintiff pleaded guilty in this criminal case on September 14, 2022, and was sentenced on November 30, 2022. *United States v. Travis Ball*, 5:21-cr-65-MTT-CHW (M.D. Ga. Sept. 14, Nov. 30, 2022). It is unclear why Plaintiff included this information in the letter filed in this case. Plaintiff's federal criminal

3

He requests the Court to "rule in [his] favor and grant [him] the monetary compensation and everything else that [he] requested" in his various 42 U.S.C. § 1983 actions, including this action. ECF No. 7 at 3.

For reasons discussed below, the Court cannot grant Plaintiff any of the relief he requests in this action and the action is being dismissed without prejudice for failure to state a claim. The Court, therefore, **DENIES** Plaintiff's "motion for monetary compensation." ECF No. 7.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. <u>Standard of Review</u>

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to

---

case has no connection to this civil rights action. In this action, Plaintiff complains about his conviction in the Superior Court of Upson County. ECF No. 1 at 5.

4

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

Plaintiff states that on March 30, 2023, he "was found guilty on charges by Judge B. Miller, Jr." ECF No. 1 at 5. He alleges that Defendant Lieutenant Heath Eppinger "committed perjury under oath on the witness stand" when he "testified in court and made false accusations and testimony against [Plaintiff] on the stand." *Id*. Plaintiff states he was "housed in the Upson County Jail where . . . Dan Kilgore is Sheriff." *Id*. According to Plaintiff, the "Upson County Sheriff's Department and the entire Griffin Judicial Circuit are crooked and corrupt." *Id*. "They're framing, blaming, indicting, and prosecuting innocent people on fabricated charges to extort, embezzle, and racketeer money from them." *Id*. Plaintiff states he "was maliciously prosecuted." *Id*.

Plaintiff requests the Court "drop[] all charges against [him] and have the Georgia Department of Corrections give [him] an immediate release." *Id*. at 6. He wants the Court to "file criminal charges against Judge B. Miller, Jr., Sheriff Dan Kilgore, and Lt. Heath Eppinger for malicious prosecution, perjury, mak[ing] false statements and testimonies." *Id*. Finally, Plaintiff requests damages in the amount of $5,000,000. *Id*.

III.    Plaintiff's Claim

Plaintiff claims that the three named Defendants maliciously prosecuted him. ECF No. 1 at 5. To maintain a claim for malicious prosecution, Plaintiff "must satisfy 'the elements of the common law tort of malicious prosecution.'" *Laskar v. Hurd*, 972 F.3d 1278, 1284 (11th Cir. 2020) (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020). "Under these elements, [Plaintiff] must prove that . . . the broader prosecution against him terminated in his favor." *Id*. (citation omitted). Plaintiff states he "was found

6

guilty" on the underlying charges. ECF No. 1 at 5. Thus, Plaintiff cannot satisfy the favorable-termination element of his malicious prosecution claim.

The Court cannot award Plaintiff any of the relief he requests. First, in a 42 U.S.C. § 1983 action, the Court cannot drop charges, vacate or alter criminal convictions, or order Plaintiff's "immediate release." ECF No. 1 at 6; *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (stating release from prison is not a remedy that is available in a 42 U.S.C. § 1983 action). Second, neither Plaintiff nor the Court can "file criminal charges against" any of the Defendants. *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (stating, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that "the Executive Branch has "exclusive authority and absolute discretion to decide whether to prosecute a case").

Finally, monetary damages are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence

challenged, must be dismissed as premature. *Id.*

In this case, Plaintiff's allegations (that witnesses "committed perjury," "made false accusations and testimony," "fram[ed] him," and prosecuted him "on fabricated charges to extort, embezzle, and racketeer money from [him]") if proven, would invalidate his conviction and sentence.  Because Plaintiff has not alleged that his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, *Heck* bars all of Plaintiff's claims that would necessarily call into question this conviction.  Plaintiff must return to the appropriate court and attempt to invalidate his conviction or sentence.  If Plaintiff should succeed, he may then institute an action for damages under § 1983 in federal court.

Judge B. Miller, Jr. is "entitled to absolute judicial immunity from damages for those acts taken while [he] [is] acting in [his] judicial capacity unless [he] acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation marks and citations omitted).  Judge Miller was acting in his judicial capacity when he presided over Plaintiff's criminal proceedings. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  Additionally, as an Upson County Superior Court Judge (ECF No. 1 at 4), Judge Miller would have had jurisdiction over the criminal proceedings.  Thus, he was not "act[ing] in the clear absence of all jurisdiction." *Bolin*, 225 F.3d at 1239.  Finally, judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

IV.   Conclusion

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (ECF

Nos. 2; 5; 10) **GRANTED**, the "motion for monetary compensation" (ECF No. 7) is **DENIED**, and Plaintiff's action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b).

**SO ORDERED**, this 2nd day of October, 2023.

                                                S/ Marc T. Treadwell

                                                MARC T. TREADWELL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT